UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

GAIL CAUDLE and
LOARN LEROY CAUDLE,
JR., her husband

    Plaintiffs,
vs.

PENNEY OPCO LLC.,
d/b/a JC Penney at Lake City Mall

    Defendant.
_____/

# COMPLAINT

Plaintiffs, Gail Caudle and Loarn Leroy Caudle, Jr., her husband, by and through their undersigned counsel, hereby sue Defendant, Penney OpCo LLC., doing business as JC Penney at Lake City Mall for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA"), 28 C.F.R. Part 36, and for damages resulting from negligence. Plaintiffs allege the following:

## JURISDICTION

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

2. This is also an action for negligence based on violations of the ADA and F.S. 553.501-553.5141.

3. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

4. Defendant, Penney OpCo LLC., is authorized to conduct and is conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

5. Plaintiff, Gail Caudle ("Mrs. Caudle"), is a resident of the state of Florida. Mrs. Caudle has a "qualified disability" under the ADA as she is disabled with CRPS in her left hip and thigh (following hip surgery) and with CRPS in her right lower leg and foot (following ankle surgery); she is unable to put any weight on her right leg or foot, this combined with spasms and pain cause her to be unable to walk. Consequently, she utilizes a wheelchair for mobility. Mrs. Caudle's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Plaintiff, Loarn Leroy Caudle, Jr. ("Mr. Caudle"), is a resident of the State of Florida.

7. Defendant, Penney OpCo LLC., ("Defendant") is a foreign limited liability company authorized to transact business in the state of Florida. Penney OpCo LLC., is an American department store chain operating 669 department stores within 49 U.S. States and Puerto Rico.

## FACTS

8. Defendant owns and operates the JC Penney department store within the Lake City Mall regional shopping center located at 2427 West US Hwy 90, Lake City, Florida 32055.

9. As with all JC Penney brand department stores, the JC Penney at Lake City Mall is a place of public accommodation pursuant to 42 U.S.C. §§12181(7)(E) as an "other sales establishment." The JC Penney at Lake City Mall which is the subject of this complaint is also referenced as "JC Penney (department store)," "JC Penney at Lake City Mall," "department store," or "place of public accommodation."

10. As the operator of JC Penney brand department stores which are open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates retail stores; 42 U.S.C. §12182, 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

11. Due to the close proximity to Plaintiffs' home to the Lake City Mall, Mrs. Caudle has been patronizing the JC Penney department store at Lake City Mall for many years. She was a regular customer at the JC Penney.

12. On August 13, 2022, Mrs. Caudle was receiving a haircut and dye at the JC Penney department store when she had to use the restroom. Mrs. Caudle went to the lady's restroom nearest the salon, but none of the women's stalls were accessible for people with disabilities. Mrs. Caudle went back to the salon and told the staff that she could not use any of the restroom's stalls because none were built for accessibility in compliance with the ADA. JC Penney staff told her she should try to go the restroom in the main area of the mall. Mrs. Caudle, wearing white shorts and her hair full of dye, informed staff that she would not make it that far because she urgently needed to use the restroom. JC Penney staff then directed her to the staff restroom at the salon, where she encountered more inaccessibility because the door frame was too narrow to allow Mrs. Caudle's wheelchair to fit. Mrs. Caudle was exasperated and fearful of soiling herself because she was wearing white shorts. She called her husband, who was in waiting for her in the parking lot to come assist her. (Mr. Caudle is a one-hundred percent disabled veteran who was about to undergo his third surgery.) Mr. Caudle came to the JC Penney salon staff restroom and helped her get to her feet. The restroom door remained opened because Mr. Caudle was trying to assist her, and the wheelchair

was just outside of the door. As Mrs. Caudle hobbled on one leg and braced herself against the sink, she could no longer control her bladder and urinated on herself in front of her husband and other customers/staff in the JC Penney salon which resulted in considerable humiliation, emotional and physical pain, and embarrassment.

13. Mrs. Caudle asked her stylist to wash the dye out of her hair and left the salon without getting her hair cut or styled. After assisting his wife, Mr. Caudle went to the men's restroom at Penney's which did have an accessible stall, but the ladies' restroom did not. On information and belief, Defendant updated its restrooms in or about 2016, long after compliance with the ADA and ADAAG was required.

14. Mrs. Caudle was forced to abandon her beauty routine and rush home. Since wetting herself in front of the JC Penney staff, customers and her husband, Mrs. Caudle has suffered anxiety, depression cries easily when asked to recall the incident.

15. Based on the access impediments Mrs. Caudle encountered, she has been denied full and equal access by Defendant.

16. As the owner of over 669 JC Penney department stores, Defendant is well aware of the ADA and the need to provide for equal access in all areas of its department stores. Therefore, Defendant's failure to reasonably accommodate

mobility impaired and disabled patrons by ensuring that its JC Penney department store at Lake City Mall is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of Mrs. Caudle and in violation of 28 C.F.R. §36.302.

17. As a result of Defendant's discrimination, Mrs. Caudle has suffered loss of dignity, anxiety, depression, mental anguish, physical pain, loss of capacity for the enjoyment of life, expenses of counselling and treatment, aggravation of pre-existing conditions, and other tangible injuries and has suffered an injury-in-fact. The losses are either permanent or continuing and Mrs. Caudle will suffer the losses in the future.

18. Mrs. Caudle continues to desire to patronize the JC Penney at Lake City Mall but continues to be injured in that she continues to be discriminated against due to the barriers to access within that department store which are in violation of the ADA.

19. Any and all requisite notice has been provided.

20. Plaintiffs have been obligated to retain the **Law Firms of Blanchard, Merriam, Adel, Kirkland & Green, P.A., and J. Courtney Cunningham, PLLC.,** and have agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiffs are entitled to recover

those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

21. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 32 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

23. Prior to the filing of this lawsuit, Mrs. Caudle personally visited the JC Penney at Lake City Mall to patronize the salon, however, Mrs. Caudle was denied adequate accommodation because, as a disabled individual who utilizes a

wheelchair for mobility, Mrs. Caudle met barriers to access. Therefore, Mrs. Caudle has suffered an injury in fact.

24. Defendant has discriminated (and continues to discriminate) against Mrs. Caudle by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at its department store located within the Lake City Mall in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25. Mrs. Caudle has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the JC Penney department store at Lake City Mall.

26. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"),

28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28.  Defendant's JC Penney department store at Lake City Mall is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and Defendant is discriminating against Mrs. Caudle as a result of *inter alia*, the following specific violations:

**<u>Women's Restroom JC Penney</u>**

a. Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch. Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

b. Accessible toilet compartment (stall) door is not located in partition or side wall farthest from water closet. Section 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

c. The toilet stall door does not provide self-closing hinges.  Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

d. The stall wall is encroaching over the accessible toilet compartment clear floor space for floor mounted water closets. Section 4.17.3 of the ADAAG

and Sections 604.8.1.1 of the 2010 ADA Standards, whose resolution is readily achievable.

e. The seat cover is mounted behind the water closet not proving the required clear floor space violating Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

f. The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

g. Water closet side wall grab bar is mounted at a non-compliant distance from rear wall. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

h. Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Beauty Salon—JC Penney**

a. The service counter is mounted above the required height. Violation: Counter is mounted over 36" above the finished floor violating Section 7.2 of the ADAAG and Section 904.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    b. At the checkout counter by the public restrooms, the service counter is mounted over 36" above the finished floor violating Section 7.2 of the ADAAG and Section 904.4.1 of the 2010 ADA standards, whose resolution is readily achievable.

**Parking and Accessible Route**

    a. The accessible parking spaces in front of JC Penney are in a location where users are compelled to walk or wheel behind vehicles and spaces. Sections FAC § 502.6, whose resolution is readily achievable.

29. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant has been required to make its JC Penney department store at Lake City Mall accessible to persons with disabilities since January 28, 1992, and Defendant has failed to comply with this mandate.

30. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs' injunctive relief; including an order for Defendant to alter its Lake City Mall department store such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

## COUNT II – NEGLIGENCE

31. Plaintiffs reaffirm and reallege paragraphs 2 through 14, 16 through 19, 21 through 23, and 28(a) through 28(h) herein.

32. At all times relevant to this action, the Defendant was required to comply with the Florida Building Code and Florida Statutes in its construction and maintenance of the public restroom located within its Lake City Mall department store.

33. Florida Statute 553.503 states that federal ADA Standards for Accessible Design and related regulations provided in 20 C.R.R. Part 36 are adopted by the Florida Building Code and incorporated by reference as the law of the state of Florida: F.S. 553.501-553.5141.

34. F.S. 553.504(1) requires that all buildings structures and facilities in the state of Florida must comply with the 2010 ADA Standards for Accessible Design. Defendant's violations of the ADA Standards as delineated at Paragraph 23 above are also violations of Florida Statute.

35. Defendant knew or reasonably should have known that the public restroom within the Lake City Mall department store was not in compliance with the ADA and Florida Statutes.

36. Based on what the Defendant knew or reasonably should have known, Defendant deviated from principles of duty of care, deviated from the ADA Standards, the Florida Building Code and Florida Statutes, and was otherwise negligent in its provision of a non-compliant restroom within its Lake City Mall department store.

37. Defendant had a duty to exercise reasonable care in insuring compliance with the ADA and Florida Statutes and has failed to meet its duty.

38. Defendant's non-complaint restroom was the proximate cause of the fact that Mrs. Caudle suffered physical injury, humiliation and embarrassment when she was unable to use the restroom and ended up wetting herself in a public space.

39. Defendant's non-compliance with the ADA is the direct cause of Mrs. Caudle having to hobble on one leg to get to the toilet and the proximate cause of Mrs. Caudle experiencing a severe increase in pain and posturing which caused her to require bed rest for almost two weeks.

40. Mrs. Caudle has since suffered anxiety, mental anguish, loss of capacity for enjoyment of life, and depression and now is embarrassed to shop at the JC Penney Lake City Mall department store out of fear of again feeling the need to use the restroom, knowing that the restroom is inaccessible, and she may again experience embarrassment and humiliation.

41. The damages suffered by Mrs. Caudle was a reasonably foreseeable result of Defendant's negligence.

**WHEREFORE,** Plaintiff, Gail Caudle, hereby demands judgment against Defendant, Penney OpCo LLC., and requests the following relief:

a)   The Court declare that Defendant has violated the ADA and F.S. 553.504(1),

b)   The Court enter a judgment directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

c)   The Court enter a judgment requiring Defendant to alter its JC Penney department store at Lake City Mall such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA,

d)   The Court award compensatory damages as a result of injury to Mrs. Caudle based on Defendant's negligence,

e)   The Court award reasonable costs and attorneys' fees and

f)   The Court award any and all other relief that may be necessary and appropriate.

## COUNT III – LOSS OF CONSORTIUM

42.   Plaintiffs reaffirm and reallege paragraphs 31 through 41 herein.

43.   At the time of the above-described incident, Loarn Leroy Caudle, Jr., was married to Gail Caudle.

44.   As a direct and proximate result of the negligence of the Defendant, Plaintiff, Loarn Leroy Caudle, Jr., as husband of Gail Caudle, sustained damages

including but not limited to loss of services, loss of consortium, loss of companionship, and damage to the marital relationship. These losses are continuing in nature.

WHEREFORE, Plaintiff, Loarn Leroy Caudle, Jr., hereby demands judgment against Defendant, Penney OpCo LLC., and requests the following relief:

a) The Court declare that Defendant has violated the ADA and F.S. 553.504(1),

b) The Court enter a judgment directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

c) The Court enter a judgment requiring Defendant to alter its JC Penney department store at Lake City Mall such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA,

d) The Court award compensatory damages as a result of injury to Mr. Caudle based on Defendant's negligence,

e) The Court award reasonable costs and attorney's fees and

f) The Court award any and all other relief that may be necessary and appropriate.

**Caudle v. Penney OpCo LLC.**
**Complaint**

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all matters so triable.

Respectfully submitted on this November 10, 2022.

| | |
|---|---|
| By: */s/ J. Courtney Cunningham*<br>J. Courtney Cunningham, Esq.<br>FL Bar No: 628166<br>J. COURTNEY CUNNINGHAM, PLLC<br>8950 SW 74th Court, Suite 2201<br>Miami, Florida 33156<br>Phone: 305-351-2014<br>cc@cunninghampllc.com<br>legal@cunninghampllc.com<br><br>*Counsel for Plaintiffs* | By: */s/ Dock A. Blanchard*<br>Dock A. Blanchard, Esq.<br>FL Bar No: 172170<br>B.C.S.<br>Civil Trial/Appellate<br>BLANCHARD, MERRIAM, ADEL,<br>KIRKLAND & GREEN, P.A.<br>Post Office Box 1869<br>Ocala, Florida 34478<br>Phone: 352-732-7218<br>Fax: 352-732-0017<br>Dblanchard@bmaklaw.com<br>Jrose@bmaklaw.com<br><br>*Co-Counsel for Plaintiffs* |